UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JASON YOUNG,<br>    Petitioner,<br>    v.<br>MARCUS POLLARD, Warden,<br>    Respondent. | Case No. 23-cv-01240 EJD (PR)<br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION FOR HEARING AS MOOT**<br><br>(Docket Nos. 23, 24) |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2017 amended judgment in Alameda County Superior Court. Dkt. No. 1. The Court screened the petition and found that based on the dates alleged, the issue of timeliness first needed to be addressed. Dkt. No. 17 at 3. The Court directed Respondent to address this issue in an initial response. *Id.* On December 15, 2023, Respondent filed a motion to dismiss the petition as untimely and wholly unexhausted along with exhibits.[1] Dkt. Nos. 23, 23-1. Petitioner did not file an opposition although given an opportunity to do so. Rather, on August 22, 2024, Petitioner filed a motion for a hearing and another petition for a writ of habeas corpus. Dkt. Nos. 24, 25.

For the reasons set forth below, Respondent's motion to dismiss the petition is GRANTED.

---

[1] All references to exhibits in this order are to Respondent's exhibits. Dkt. No. 23-1.

## I.  BACKGROUND

In 2012, a jury in Alameda County Superior Court (Case No. C166752) found Petitioner guilty of rape (Cal. Penal Code § 261.2(a)(2)), robbery (Cal. Penal Code § 211), false imprisonment (Cal. Penal Code § 236), and evading a peace officer (Cal. Vehicle Code § 2800.2(a)).  Ex. A at 1; Dkt. No. 23-1 at 2.  Petitioner was sentenced to 23 years and eight months in state prison.  Id.

On April 29, 2014, the California Court of Appeal affirmed the convictions but remanded the case to the trial court so the trial court could exercise its discretion whether to impose or strike certain one-year sentence enhancements.  Ex. A at 1-2; Dkt. No. 23-1 at 2-3.  On July 9, 2014, the California Supreme Court denied the petition for review.  Ex. B; Dkt. No. 23-1 at 29.

On August 8, 2014, Petitioner filed a federal habeas petition in this Court challenging his convictions.  Young v. Barnes, No. 14-cv-03550-EJD (N.D. Cal. 2014), Dkt. 1.  On January 15, 2016, the Court denied the petition on the merits.  Id., Dkt. No. 53.

On August 26, 2016, the Ninth Circuit denied Petitioner's application for a certificate of appealability.  Id., Dkt. No. 66.

On November 16, 2017, Petitioner was resentenced to state prison for 23 years and eight months.  Ex. C; Dkt. No. 23-1 at 31.  He did not appeal his resentencing.  On January 29, 2018, he filed a habeas petition in the California Court of Appeal, which the court denied on February 1, 2018.  Ex. D; Dkt. No. 23-1 at 34.  On March 23, 2018, he filed a habeas petition in the California Supreme Court, which the court denied on June 13, 2018.  Ex. E; Dkt. No. 23-1 at 36, 58.

On October 31, 2022, Petitioner filed the instant petition in the Ninth Circuit Court of Appeals, along with an application for authorization to file a second or successive petition.[2]  Dkt. No. 1.  On March 17, 2023, the Ninth Circuit transferred the matter to this

---

[2] Respondent applied the "mailbox rule" in determining the filing date of his initial, and amended, federal petitions, which was the date he deposits the pleadings in his prison's outgoing mail system.  Dkt. No. 23 at 2, fn. 1.  Accordingly, for purposes of the motion, the proof of service date for the petition was the date Petitioner constructively filed that document.  Dkt. No. 1.

2

Court, after it denied Petitioner's application as unnecessary. Dkt. No. 1 at 1. The Ninth Circuit found that Petitioner did not have a prior § 2254 petition adjudicating on the merits challenges to his 2017 amended judgment. Id.

Petitioner is challenging his resentencing in that amended judgment based on the following grounds: (1) he was resentenced without being present nor with his lawyer being present; (2) a new law states that burglary is not a violent felony to double his sentence; and (3) "robbery error violent offense sentence." Dkt. No. 1-1 at 4.

## II. DISCUSSION

### A. Statute of Limitations

Respondent first argues that the claims in the instant petition were filed beyond the one-year statute of limitations under 28 U.S.C. § 2244(d) and should therefore be dismissed as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitations period will begin running against him the day after the date on which the time to seek such review expired. Gonzalez v. Thaler, 565 U.S. 134, 149-150 (2012); see Smith v. Duncan, 297

F.3d 809, 812-13 (9th Cir. 2002), abrogation on other grounds recognized by Moreno v. Harrison, 245 F. App'x 606 (9th Cir. 2007)  (limitations period began running day after time to seek discretionary review of California Court of Appeal's decision in the California Supreme Court expired, which was forty days after the court of appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a) (since renumbered); Cal. Civ. Proc. Code § 12a); see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within 60 days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance'—i.e., 'until the completion of' that process."  Carey v. Saffold, 536 U.S. 214, 219-20 (2002).  In other words, until the application has achieved final resolution through the state's post-conviction procedures, by definition it remains "pending," so long as the petitioner does not unreasonably delay between filings.  Id. at 220, 225.

After a careful review of the papers, the Court finds the instant action is untimely.  First, the record submitted by Respondent shows that Petitioner did not pursue direct review of his resentencing.  See supra at 2.  Therefore, his judgment became final upon "the expiration of the time for seeking such review," which was 60 days after the imposition of sentence.  See Cal. Rules of Court, rule 8.308(a).  Because Petitioner was resentenced on November 16, 2017, his judgment became final 60 days later, on January 15, 2018.  The limitations period commenced the next day and expired one year later, on January 15, 2019.  28 U.S.C. § 2244(d)(1)(A).

Furthermore, Petitioner is entitled to statutory tolling but it does not save the petition from being untimely. Petitioner filed state habeas petitions in the court of appeal and supreme court. See supra at 2. Respondent concedes that Petitioner did not unreasonably delay and is therefore entitled to continuous statutory tolling from the filing of his court of appeal petition on January 29, 2018, until the denial of his supreme court petition on June 13, 2018, for a total of 135 days. With statutory tolling, Petitioner had until May 30, 2019, to file a timely federal habeas petition. He did not. Rather, Petitioner constructively filed his initial petition in the Ninth Circuit on October 21, 2022, Dkt. No. 1, which was well over three years after the limitations period expired on May 30, 2019. Accordingly, the claims in the instant petition attacking that resentencing are clearly untimely. See supra at 3. Respondent's motion to dismiss based thereon should be granted.

**B.      Exhaustion**

Respondent also asserts that the three untimely claims should also be dismissed as unexhausted. Dkt. No. 23 at 4.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

Respondent asserts that Petitioner has provided no argument or evidence that he presented the three claims raised herein to the California Supreme Court. Dkt. No. 23 at 4. Respondent asserts that Petitioner's only pleading in the state high court after his resentencing was a state habeas petition in 2018 that did not raise his current claims. Id. at 5, Exs. B, E. Respondent asserts that they found no record that Petitioner presented the claims to the state's highest court to have exhausted the claims. Id. Petitioner has filed no opposition to dispute Respondent's argument.

Based on the foregoing, it appears that none of the claims in this action were exhausted before Petitioner filed this action. The undisputed record submitted by Respondent shows that Petitioner did not raise the claims in this action before the state high court. The state habeas petition that Petitioner filed in the California Court of Appeal raised three claims: (1) that the trial court violated his constitutional right to self-representation; (2) the trial court abused its discretion by admitting evidence of his prior sex offense over his objection; and (3) the trial court erred in denying his motion to exclude evidence. Dkt. No. 23-1 at 2. In the petition before the state high court, Petitioner claimed that the court denied him due process when it denied the petition without conducting an evidentiary hearing. Dkt. No. 23-1 at 39, 44. Nowhere in these state petitions did Petitioner raise the three claims in the instant action. Accordingly, the claims are unexhausted.

Petitioner would normally be granted an opportunity to move for a stay to return to state court to exhaust the unexhausted claims under Rhines v. Webber, 544 U.S. 569, 277-78 (2005), but such an action would be futile because the petition is untimely as discussed above. See supra at 5. Accordingly, the Court must dismiss the petition for failure to exhaust all claims prior to filing. See Rose, 455 U.S. at 510.

### III.  CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition is **GRANTED**. Dkt. No. 23. The petition for a writ of habeas corpus is **DISMISSED with**

**prejudice** as untimely and for failure to exhaust state judicial remedies prior to filing this action.

In light of this order, Petitioner's motion for a case status hearing is **DENIED** as moot. Dkt. No. 24.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This order terminates Docket Nos. 23 and 24.

**IT IS SO ORDERED.**

Dated: September 3, 2024

EDWARD J. DAVILA
United States District Judge